IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY BANK, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 11-00534-CB-M |
| THOMAS M. MARR, JR. | ) | |
| Defendant. | ) | |

## ORDER

One day after the Defendant filed an answer, the Plaintiff filed a motion for summary judgment.  (Doc. 10.)  In response to the summary judgment motion, Defendant filed a motion to defer ruling or to extend time to respond until discovery is complete.  (Doc. 14.)  In support, Defendant's counsel filed an affidavit explaining the need for discovery on damages-related issues.[1]  Thereafter, Plaintiff filed a "Motion to Bifurcate" which is actually a request that the Court enter partial summary judgment on the issue of liability.  (Doc. 15.)   Because Defendant's response contests only the amount of damages and Plaintiff does not contest the need for discovery on that issue, the Court hereby grants summary judgment, insofar as liability is concerned and denies summary judgment at this time on the issue of damages.

---

[1] Thus, the Defendant has satisfied the Court that he cannot at this time "present facts essential to justify [his] opposition."  Fed. R. Civ. P. 56(d). This is an action on several promissory notes secured by mortgages on real property.  Plaintiff foreclosed and sold the properties in foreclosure. Defendant contends that the foreclosure price was so low as to "shock the conscience" of the court and seeks discovery to support his contention.

**Findings of Fact**

*The Parties*

The plaintiff, Whitney Bank, is a Louisiana banking organization with its principal place of business in Louisiana.  The defendant, Thomas M. Marr, Jr., is a citizen of Alabama and resides in Baldwin County, Alabama.  From 2004 through 2007, Whitney Bank and Marr entered into a series of loan transactions secured by real property located in Baldwin County.  Marr has defaulted on each of those loans.

*Loan No. 1*

On or about October 28, 2004, Defendant Thomas Marr executed a promissory note in the amount of $270,000.00 in favor of Whitney Bank (hereinafter "Loan No. 1").  This promissory note was secured by a mortgage Defendant executed in favor of Whitney on October 28, 2004, granting Whitney a security interest in real property located at Unit W-404 of the Dunes Condominium in Baldwin County, Alabama.  At some point, Defendant defaulted on Loan No. 1, and  Plaintiff accelerated the indebtedness as permitted by the terms of the note.  In the event of default, the agreement gives Plaintiff the right to collect attorney's fees and costs in addition to principal and interest.   The mortgage for Loan No. 1 contains a "Power of Sale" provision allowing for nonjudicial foreclosure of the collateral.  On May 9, 2011, Plaintiff conducted a foreclosure sale on the subject real property located in Baldwin County, Alabama.  Plaintiff was the successful purchaser of the property at this foreclosure sale.  After the sale, a deficiency balance remained.

*Loan No. 2*

On or about May 4, 2005, Defendant executed a commercial note in the amount of $669,000.00 in favor of Whitney (hereinafter "Loan No. 2"). This commercial note was secured by a mortgage Defendant executed in favor of Whitney on May 4, 2005, granting Whitney a security interest in the following real property: (1) 40 +/- acres located on County Road 49 in Baldwin County, Alabama ("Parcels A and B"); (2) 17598 Scenic 98 in Baldwin County, Alabama ("Parcel C"); and (3) 9170 Clubhouse Drive/Lot 170-B located in Baldwin County, Alabama ("Parcel D").  Loan No. 2 was subsequently cross-collateralized by a mortgage executed by Defendant in favor of Whitney, granting Whitney a security interest in real property located at Lot 55, Island Wood in Baldwin County, Alabama.  Defendant defaulted on Loan No. 2, and Plaintiff accelerated the indebtedness as permitted under the terms of the agreement.  In the event of default, the agreement gives Plaintiff the right to collect attorney's fees and costs in addition to principal and interest.  The mortgages for Loan No. 2 contain "Power of Sale" provisions allowing for nonjudicial foreclosure of the collateral. On May 9, 2011, Plaintiff conducted a foreclosure sale on the following real property: (1) 17598 Scenic 98 in Baldwin County, Alabama ("Parcel C"); (2) 9170 Clubhouse Drive/Lot 170-B located in Baldwin County, Alabama ("Parcel D"); and (3) Lot 55, Islandwood.  Plaintiff was the successful purchaser of the property at this foreclosure sale.  After the sale, a deficiency balance remained.

*Loan No. 3*

On or about January 23, 2006, Defendant executed a promissory note in the amount of $750,000.00 in favor of Whitney (hereinafter "Loan No. 3").  This promissory note was secured by a mortgage Defendant executed in favor of Whitney on January 23, 2006, granting Whitney a security interest in real property located at 9889 Wilson Road in Baldwin County, Alabama.

Defendant defaulted on Loan No. 3, and Plaintiff accelerated the indebtedness as permitted under the terms of the agreement.  In the event of default, the agreement gives Plaintiff the right to collect attorney's fees and costs in addition to principal and interest.   The mortgage for Loan No. 3 contains a "Power of Sale" provision allowing for nonjudicial foreclosure of the collateral.  On July 11, 2011, Plaintiff conducted a  foreclosure sale on the subject real property located in Baldwin County, Alabama. Plaintiff was the successful purchaser of the property at this foreclosure sale.  After the sale, a deficiency balance remained.

### *Loan No. 4*

On or about March 29, 2007, Defendant executed a promissory note in the amount of $131,7000.00 in favor of Whitney (hereinafter "Loan No. 4").  The promissory note for Loan No. 4 was secured by a mortgage Defendant executed in favor of Whitney on March 29, 2007, granting Whitney a security interest in real property located at 17359 Wildwood Court in Baldwin County, Alabama. Defendant defaulted on Loan No. 4.   Plaintiff accelerated the indebtedness as permitted under the terms of the agreement.  In the event of default, the agreement gives Plaintiff the right to collect attorney's fees and costs in addition to principal and interest.  An outstanding balance remains consisting of principal balance in the amount of $94,745.78, plus prejudgment interest at the rate of $19.73 per diem.[2]

### *Lawsuit Filed*

Plaintiff filed this lawsuit on September 21, 2011 invoking the Court's diversity jurisdiction.  Although not explicitly stated in the complaint, Plaintiff seeks to recover for breach of contract.

---

[2] Plaintiff has failed to prove the date of the default.  Unless that date is proved by affirmative evidence, the Court cannot award prejudgment interest.

**Conclusion of Law**

*Summary Judgment Standard*

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  Id.

> Where the moving party also has the burden of proof at trial,
>
> that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)  (citations and internal quotation marks omitted). Consequently, Plaintiff has the burden of affirmatively proving Defendant's liability on each of the breach of contract claims.

*Breach of Contract*

To prevail on a breach of contract claim based on a promissory note, a plaintiff's burden is quite simple.  Plaintiff must prove the existence of the note, the amount due, and lack of payment.  *See Griffin v. American Bank*, 628 So. 2d 540, 543 (Ala. 1993).   In its summary judgment motion and supporting evidence, Plaintiff has proved the existence of each of the four promissory notes and has also proved the Defendant's failure to pay.  Thus, Defendant is

undisputedly liable for breach of contract, and the only issue remaining is the amount of damages.

**Conclusion**

Plaintiff's motion for summary judgment is **GRANTED**, in part, on the issue of liability and **DENIED**, in part, on the issue of damages.  The denial is without prejudice to Plaintiff's right to reassert the motion, with supporting evidence, after the conclusion of discovery.  Defendant's motion to defer ruling or to extend time to respond is **moot**.

**DONE** and **ORDERED** this the 12th day of March, 2012.


			s/*Charles R. Butler, Jr.*
			**Senior United States District Judge**